## S. H. P. MISKELLY *v.* W. J. PITTS.

1. DEED. *Construed to merely retain a lien or mortgage. When.* A deed of conveyance containing the following clause: "Nevertheless, this deed of conveyance is null and void and of no effect until all the purchase money is paid, then of full force and effect," is construed to retain merely a lien or mortgage to secure the unpaid purchase money; a non-compliance with the conditions does not avoid it absolutely.

2. EQUITY. *To have relief in, upon an allegation of want of title or breach of covenant of seizin. What requisite. Actions.* A party can have no relief in equity for the alleged breach of the covenant of seizin, or upon an allegation of want of title, no fraud or insolvency being charged, unless a clause in the deed changes its character, from an executed to an executory contract.

Cases cited: Barnett *v.* Clark, 5 Sneed, 435; Caruthers *v.* McBurney, 3 Sneed, 593; Law *v.* Mannering, 8 Yer., 435.

---

### FROM LAUDERDALE.

---

Appeal from the Chancery Court. H. J. LIVINGSTON, Chancellor.

STEELE, MARLEY & STEELE for complainant.

LYNN, OLDHAM & CONNOR for defendant.

MCFARLAND, J., delivered the opinion of the court.

The original bill is to enforce a vendor's lien for a balance of purchase money due upon a tract of land sold by the complainant to the defendant. At the date of the sale the complainant executed and delivered to the defendant a deed for the tract of land, reciting in the first part the payment in full of the

purchase money, containing covenants of seizin and warranty and against encumbrances. Following this, however, is the following clause: " Nevertheless, this deed of conveyance is null and void and of no effect until all the purchase money is paid, then of full force and effect."

The bill shows that a balance of the purchase money remained unpaid, and claims a vendor's lien, which he asks to have enforced. The defendant filed an answer admitting the allegations of the bill, setting up, however, one additional payment, and by way of cross-bill charges that the condition set forth in the deed not having been complied with, no title had ever vested in the defendant. The cross-bill then charges that " complainant has no title to said land and never had any," and sets forth the fact that defendant had made valuable improvements on the land. The cross-bill prays that the original complainant be compelled to dreraign a perfect title to the land, and upon his failure to do so that the contract be rescinded, with an account of purchase money paid and improvements. The chancellor sustained a demurrer to the cross-bill and gave relief upon the original bill. The defendant has appealed.

It appearing from the admissions of the cross-bill, that the complainant therein is in possession of the land under the deed, with covenants of general warranty and seizin, he can have no relief in equity for the alleged breach of the covenants of seizin, or upon an allegation of want of title, no fraud or insolvency being charged, unless the peculiar clause in the deed

we have referred to changes its character from an executed to an executory contract.    See *Barnett* v. *Clark,* 5 Sneed, 435.

It is argued, however, that the clause in question prevents the deed taking effect or vesting the title and converts it into an executory contract, and therefore the vendee may refuse to perfect the purchase until the vendor deraigns a perfect title.    A condition in a title bond similar to the condition in this deed, has been held a condition for the benefit of the vendor, which he might waive and which the vendee could not take advantage of.    *Caruthers* v. *McBurney,* 3 Sneed, 590; *Law* v. *Mannering,* 8 Yer., 435.

There is a still stronger reason for applying the same reason to a case of a deed, and in a case like this where a large part of the purchase money has been paid, it is not probable that a court, even at the instance of the vendor, would enforce this condition to the extent of declaring the entire contract void, but would rather construe this clause as retaining a lien or mortgage to secure the unpaid purchase money. At all events, this is the extent of the relief claimed by the complainant, and to this relief we think he is undoubtedly entitled.

Decree affirmed with costs.